## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE MARIO PITTA PICON,

       Petitioner,

v.                                                                    No. 1:26-cv-01425-SMD-JMR

MARKWAYNE MULLIN, et al.,

       Respondents.

### ORDER GRANTING WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner's Pro Se Petition for a Writ of Habeas Corpus.  Doc. 1.  Having reviewed the petition, the response, and the relevant law, the Court **GRANTS** Petitioner's request for the writ of habeas corpus.

### BACKGROUND

Petitioner Jose Mario Pitta Picon is a citizen of Colombia who is currently detained at the Torrance County Detention Center in Estancia, New Mexico.  Doc. 1 ¶ 1.  Petitioner first entered the United States on June 24, 2024, through the CBP One application.  *Id.* at ¶ 2.  Petitioner was granted parole and he began residing in Albuquerque, New Mexico.  *Id.* at ¶ 3.

On April 27, 2026, three vehicles with ICE agents inside showed up at Petitioner's house. *Id.*  The agents' purported reason for their arrest and detention of Petitioner was that he had failed to update his address. *Id.* at ¶ 4.  Why they did not try to first contact him and provide notice of the discrepancy, rather than place him in custody for a clerical error, is unexplained.  Petitioner was then transferred to the Torrance Detention Center.  *Id.*  Petitioner has no criminal history.  *Id.* ¶ 5.   Respondents do not dispute these facts.  Doc. 7 at 3. Petitioner now seeks habeas relief on the grounds that his continued detention violates his Fifth Amendment Due Process rights.

**LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  Federal courts have the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  This power extends to the review of immigration-relation detention.  *Zadvydas v. Davis*, 533 U.S. 678, 686 (2001).

**DISCUSSION**

I.    <u>Statutory Framework: 8 U.S.C. §§ 1225 and 1226</u>

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297.  Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."  Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303.  Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

At the time of filing, Respondents took the position that Petitioner is properly detained under § 1225(b)(2) as an "applicant for admission."  Doc. 7 at 2.  However, they concede that if the Court applied the reasoning articulated in *Martin Ramirez v. Noem*, No. 2:26-cv-00063 (D.N.M. Feb. 11, 2026), Petitioner would be subject to § 1226.  *Id.*

The Tenth Circuit affirmed the Court's understanding of §§ 1225 and 1226 in *Santillan Quiroz v. Mullin*, 180 F. 4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Because it is undisputed that Petitioner entered the United States two years ago, and was arrested in its interior, § 1226 governs his detention.

I.     The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. He has thus far proven to be a law-abiding individual who was paroled into the country and whose only error in his immigration

3

proceedings was a discrepancy in his home address. That oversight does not enable Respondents to hold Petitioner in detention for nearly four months. The Government has therefore violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief.

**CONCLUSION**

It is hereby **ORDERED**:

1) The verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) The Motion for a Temporary Restraining Order (Doc. 2) is **DENIED** as moot;

3) Respondents shall release Petitioner within 48 hours of this Order being entered;

4) Respondents shall facilitate Petitioner's transportation from the detention facility and provide identity documents sufficient to return to his primary address;

5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

6) Respondents **SHALL NOT** revoke Petitioner's parole without providing notice and a hearing before a neutral decision maker.

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

4
